## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SALVADOR BELTRAN, JR., and ELI GROSS, *Individually and on behalf of all others similarly situated,* | |
| *Plaintiffs*, | **Case No:** 1:22-cv-04858 |
| v. | **Judge:** Sara L. Ellis |
| SONY PICTURES ENTERTAINMENT, INC. d/b/a CRUNCHYROLL, | **JURY TRIAL REQUESTED** |
| *Defendant*. | |

### CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiffs, Salvador Beltran, Jr. and Eli Gross ("Plaintiffs"); (ii) the Settlement Class (as defined herein); and (iii) Crunchyroll, LLC (defined as "Defendant" for purposes of this Settlement Agreement)[1]. The Settlement Class and Plaintiffs are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiffs and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

### RECITALS

A.     This putative class action was filed on September 8, 2022, in the United States District Court for the Northern District of Illinois. The material allegations of the complaint center on Defendant's alleged disclosure of its subscribers' personally identifiable information to

---

[1] The Parties acknowledge that Sony Pictures Entertainment Inc. was incorrectly named as the Defendant in the above-captioned matter.  Sony Pictures Entertainment Inc. is a separate corporation from Crunchyroll, LLC and is not a party to this Settlement Agreement.

DocuSign Envelope ID: EE1C2259-C9CA-49F6-A49B-736DBB5A853E

Facebook and other third parties, including but not limited to Google Analytics and Adobe Analytics, without permission in violation of Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* (the "VPPA") (ECF No. 1.)

**B.** Plaintiff filed a First Amended Complaint on October 27, 2022. (ECF No. 9).

**C.** In response to the First Amended Complaint, the Parties agreed on a briefing schedule for Defendant's motion to dismiss.

**D.** On January 31, 2023, Plaintiff's filed a Motion for Leave to File a Second Amended Complaint naming Plaintiffs Salvador Beltran, Jr. and Eli Gros, which was granted, and the Second Amended Complaint was entered on the docket. (ECF Nos. 19, 22).

**E.** Thereafter, the Parties agreed to stay the matter to discuss potential resolution. (ECF No. 23).

**F.** From the outset of the case, and including during the pendency of the motion to dismiss, the Parties engaged in direct communications, and as part of their obligations under Fed. R. Civ. P. 26, discussed the prospect of resolution. Those discussions led to an agreement between the Parties to engage in mediation, which the Parties agreed would take place before The Honorable Morton Denlow (Ret.) of JAMS Chicago, who is a former United States Magistrate Judge for the Northern District of Illinois and a neutral at JAMS in Chicago.

**G.** As part of the mediation, and in order to competently assess their relative negotiating positions, the Parties exchanged information, including on issues such as the size and scope of the putative class, and certain facts related to the strength of Defendant's potential defenses. Given the information exchanged, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses.

**H.** The first day of mediation took place on April 19, 2023. While the Parties

DocuSign Envelope ID: EE1C2259-C9CA-42E6-A49B-736DBBEAB59E

engaged in good faith negotiations, which at all times were at arms' length, they failed to reach an agreement that day. However, because the Parties felt they had made progress, they agreed to extend the stay to continue their mediation efforts.

**I.**     Over the next several weeks, the Parties engaged in a second day of mediation with Judge Denlow, followed by additional rounds of arms' length negotiations, and were able to agreement on all material terms of a class action settlement and executed a term sheet.

**J.**     On August 23, 2023, Plaintiffs filed a motion for leave to file a Third Amended Complaint.

**K.**     At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

**L.**     Plaintiffs strongly believe that the claims asserted in the Action against Defendant have merit and that they would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiffs and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiffs may not prevail. Plaintiffs and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant

DocuSign Envelope ID: EE1C2259-C9CA-42F6-A49B-736DBBEAB53E

through pleadings motions, class certification, summary judgment, trial, and any subsequent appeals. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiffs believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, **THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs, the Settlement Class, and each of them, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.      **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1      **"Action"** means *Beltran, et al., v. Sony Pictures Entertainment, Inc.,* Case No. 1:22-cv-04858, pending in the United States District Court for the Northern District of Illinois.

1.2      **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a

DocuSign Envelope ID: EE1C2259-C9CA-42E6-A49B-736DBBEAB53E

Settlement Class Member with all of the information requested in the Claim Form; (c) is signed

by the Settlement Class Member, physically or electronically; and (d) is approved by the

Settlement Administrator pursuant to the provisions of this Agreement. To receive a *pro rata*

cash payment, each claimant must fill out an attestation that they were a registered user of

Crunchyroll and viewed a video on the Crunchyroll.com site, mobile applications, or video-on-

demand services or applications, during the Class Period. Each Settlement Class Member

submitting a Claim Form must also provide the email address associated with their Crunchyroll

account, or other information sufficient to identify the Settlement Class Member as having a

Crunchyroll account.

1.3     **"Claim Form"** means the document substantially in the form attached hereto as

Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class

Members who wish to file a Claim for a payment, shall be available in electronic and paper

format in the manner described below.

1.4     **"Claims Deadline"** means the date by which all Claim Forms must be

postmarked or received to be considered timely and shall be set as a date no later than forty-five

(45) days after entry of the Final Approval Hearing. The Claims Deadline shall be clearly set

forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

1.5     **"Class Counsel"** means Brandon Wise and Adam Florek of Peiffer Wolf Carr

Kane Conway & Wise, LLP and Michael L. Murphy of Bailey Glasser LLP.

1.6     **"Class Period"** means September 8, 2020 through preliminary approval.

1.7     **"Class Representatives"** means the named Plaintiffs in this Action, Salvador

Beltran, Jr. and Eli Gross.

1.8     **"Court"** means the United States District Court for the Northern District of Illinois,

DocuSign Envelope ID: EE1C2250-C3CA-42F6-A49B-736DBBEAB53E

the Honorable Sara L. Ellis presiding, or any judge who shall succeed her as the Judge in this Action.

**1.9** **"Defendant"** means Crunchyroll, LLC.

**1.10** **"Defendants' Counsel"** means Mark Melodia and William Farley of Holland & Knight LLP.

**1.11** **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.12** **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at Huntington Bancshares Incorporated, a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendant into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund. The Escrow Account shall be maintained by the Settlement Administrator.

**1.13** "**Fee Award***" means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.14** **"Final"** means, if there are no timely objections, the date upon which the Final Approval Order is entered, or, if there is one or more timely objections, one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if

DocuSign Envelope ID: EE1C2250-C9CA-42E6-A49B-736DBBEAB53E

there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

      1.15    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representatives.

      1.16    **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

      1.17    **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B and C hereto.

      1.18    **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 commences, which shall be no later than seven (7) days after Preliminary Approval and may begin immediately upon Preliminary Approval.

      1.19    **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after

DocuSign Envelope ID: EE1C2250-C9CA-42E6-A49B-736DBBEAB59E

the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

    **1.20**   **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

    **1.21**   **"Plaintiffs"** means Salvador Beltran, Jr., Eli Gross, and, where appropriate, the Settlement Class Members.

    **1.22**   **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

    **1.23**   **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

    **1.24**   **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, disputes, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity,

DocuSign Envelope ID: EE1C2259-C3CA-42E6-A49B-736DBBEAB53E

accrued or un- accrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VPPA or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' personally identifiable information and video viewing behavior to any third party, including all claims that were brought or could have been brought in the Action relating to the disclosure of such information belonging to any and all Releasing Parties. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendants.

1.25    **"Released Parties"** means Defendant Crunchyroll, LLC, and any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.26    **"Releasing Parties"** means Plaintiffs, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors,

DocuSign Envelope ID: EE1C22F9-C9CA-4056-A4B8-736DBBFAB53E

investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

      **1.27** **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Settlement Class, coordinating payment for Approved Claims, and related administrative services.

      **1.28** **"Settlement Administrator"** means Kroll Settlement Administration LLC or such other reputable administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

      **1.29** **"Settlement Benefit"** means the Settlement Fund ($16,000,000.00 USD).

      **1.30** **"Settlement Class"** means all persons in the United States who: (1) were registered users of an online website, mobile app, or any video-on-demand service or app owned, controlled, and/or operated by Crunchyroll; and (2) who viewed videos on an online website, mobile app, or any video-on-demand service or app owned, controlled, and/or operated by Crunchyroll during the Class Period. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

      **1.31** **"Settlement Class Member"** means a Person who falls within the definition of

DocuSign Envelope ID: EE1C22F9-C9CA-4056-A4BB-736DBBFAB53E

the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.32** **"Settlement Fund"** means the non-reversionary cash fund that shall be established by or on behalf of Defendant in the total amount of sixteen million dollars ($16,000,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representatives, and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed or be less than sixteen million dollars ($16,000,000.00 USD), plus the interest earned on such sum.

**1.33** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

DocuSign Envelope ID: EE1C22F9-C9CA-4056-A4B8-736DBBEAB53E

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN
BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER
SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have,

waived any and all provisions, rights and benefits conferred by any law of any state or territory

of the United States, or principle of common law, or the law of any jurisdiction outside of the

United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

The Releasing Parties acknowledge that they may discover facts in addition to or different from

those that they now know or believe to be true with respect to the subject matter of this release,

but that it is their intention to finally and forever settle and release the Released Claims,

notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2. SETTLEMENT RELIEF.

### 2.1 Payments to Settlement Class Members.

(a)     Defendants shall pay or cause to be paid into the Escrow Account the

amount of the Settlement Fund ($16,000,000.00 USD), as specified in Paragraph 1.32 of this

Agreement, within twenty-eight (28) days after Preliminary Approval.

(b)     Settlement Class Members shall have until the Claims Deadline to submit

an Approved Claim. Each Settlement Class Member with an Approved Claim shall be entitled to

a cash payment in an amount reflecting the *pro rata* portion of the Settlement Fund after

deducting the Settlement Administration Expenses, any Fee Award, and any incentive award.

(c)     The Settlement Administrator shall pay from the Settlement Fund all

Approved Claims by electronic payment or check with said checks being sent via first class U.S.

mail to the Settlement Class Members who submitted such Approved Claims. Payments to all

DocuSign Envelope ID: EE1C22F9-C9CA-4056-A4B9-736DBBFAB53E

Settlement Class Members with Approved Claims shall be made within ninety (90) days after the Effective Date.

        **(d)**      All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred and eighty (180) days after the date of issuance. To the extent that any checks issued to a Settlement Class Member are not cashed within one-hundred eighty (180) days after the date of issuance, such uncashed check funds shall be redistributed on a *pro rata* basis (after first deducting any necessary settlement administration expenses from such uncashed check funds) to all Settlement Class Members who cashed checks during the initial distribution, but only to the extent each Settlement Class Member would receive at least $5.00 in any such secondary distribution and if otherwise feasible. To the extent each Settlement Class Member would receive less than $5.00 in any such secondary distribution or if a secondary distribution would be otherwise infeasible, any uncashed check funds shall, subject to Court approval, revert to the Future of Privacy Forum, a non-sectarian, non-profit organization, recommended by Class Counsel and approved by the Court.

        **(e)**      Upon payment of the Settlement Fund into the Escrow Account, all risk of loss with respect to the cash portion of the Settlement shall pass to the Escrow Account, and any and all remaining interest or right of Defendant in or to the Escrow Account, if any, shall be extinguished.

      **2.2**     **Prospective Relief**. Defendant will use good faith efforts, within 45 days of the Preliminary Approval Order but in no event later than the date of the Final Judgement, to modify its use of the Facebook Pixel and other tracking pixels or tracking technologies so that use of such technologies will not result in Crunchyroll's disclosure to the technology developers of the

specific video content viewed by a specific individual, unless and until the VPPA is amended,

repealed, or otherwise invalidated (including by judicial decision on the use of website pixel

technology by the United States Supreme Court, any federal court of appeals, a U.S. federal

district court in Illinois, or an Illinois state court of general jurisdiction), or until Defendant

obtains VPPA-compliant consent for the disclosure of the video content viewed. Nothing herein

shall prohibit the use of the tracking pixels or other technologies where any disclosure of

information does not identify specific video materials that a specific user has requested or

obtained.

## 3. RELEASE.

**3.1** The obligations incurred pursuant to this Settlement Agreement shall be a full and

final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2** Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed

to have, and by operation of the Final Judgment shall have, fully, finally, and forever released,

relinquished, and discharged all Released Claims against the Released Parties, and each of them.

Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement

Class Member, shall, either directly, indirectly, representatively, or in any capacity, be

permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or

participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any

jurisdiction (other than participation in the Settlement as provided herein) against any Released

Party based on the Released Claims.

## 4. NOTICE TO THE CLASS.

**4.1** The Notice Plan shall consist of the following:

**(a)** *Settlement Class List*. Defendant shall produce an electronic list from its

DocuSign Envelope ID: EE1C22F9-C9CA-4056-A4B5-736DBBFAB53E

records that includes at least the names and email addresses for Settlement Class Members prior

to Preliminary Approval. Class Counsel's assent to this Agreement shall constitute consent on

behalf of the Settlement Class to disclose this information, consistent with the written consent

provisions of the VPPA. This electronic document shall be called the "Class List," and shall be

provided to the Settlement Administrator with a copy to Class Counsel. Class Counsel shall take

reasonable measures to protect the information from any third-party disclosure.

      **(b)**    *Direct Notice.* In the event that the Court preliminarily approves the

Settlement, no later than the Notice Date, the Settlement Administrator shall begin sending

Notice via email substantially in the form attached as Exhibit B, along with an electronic link to

the Claim Form, to all Settlement Class Members for whom a valid email address is available in

the Class List. In the event transmission of email notice results in any "bounce-backs," the

Settlement Administrator shall, where reasonable: (i) correct any issues that may have caused the

"bounce- back" to occur and make a second attempt to re-send the email notice, and (ii) use other

reasonable means to attempt to provide notice to Settlement Class Members.

      **(c)**    *Update Addresses.* Prior to mailing any Notice, the Settlement

Administrator will update the U.S. mail addresses of persons on the Class List using the National

Change of Address database and other available resources deemed suitable by the Settlement

Administrator. The Settlement Administrator shall take all reasonable steps to obtain the correct

address of any Settlement Class members for whom Notice is returned by the U.S. Postal Service

as undeliverable and shall attempt re-mailings.

      **(d)**    *Reminder Notice.* Both forty-five (45) days prior to the Claims Deadline

and fourteen (14) days prior to the Claims Deadline, the Settlement Administrator shall again

send Notice via email substantially in the form attached as Exhibit B (with minor, non-material

DocuSign Envelope ID: EE1C22F9-C9CA-4056-A4BB-736DBBEAB53E

modifications to indicate that it is a reminder email rather than an initial notice), along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List.

(e)     *Settlement Website.* Within fourteen (14) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at www.crunchyrollvppasettlement.com, or a similar domain name, which shall be administered and maintained by the Settlement Administrator and shall include the ability to complete or file Claim Forms on-line. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit C hereto.

(f)     *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

(g)     *Contact from Class Counsel.* Class Counsel, in their capacity as counsel to Settlement Class Members, may from time to time contact Settlement Class Members to provide information about the Settlement Agreement and to answer any questions Settlement Class Members may have about the Settlement Agreement.

4.2     The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and

DocuSign Envelope ID: EE1C22F9-C9CA-4056-A48B-736DBBFAB53E

specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

      **4.3**     Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

      **4.4**     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement, the Final Order, or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

DocuSign Envelope ID: EE1C22F9-C9CA-4056-A4BB-736DBBFAB53E

**4.5**    A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator as specified in the Notice, providing his/her name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

**4.6**    The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1(f) is provided.

**4.7**    Any Settlement Class Member who does not, using the procedures set forth in this Agreement and the Notice, either seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the

DocuSign Envelope ID: EE1C22F9-C9CA-4056-A4FB-736DBBFAB53E

Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

## 5.  SETTLEMENT ADMINISTRATION.

5.1     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

(b)     Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the

DocuSign Envelope ID: EE1C22F9-C9CA-40F6-A4BB-736DBBFAB53E

Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

      **(c)**    Provide bi-weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

      **(d)**    Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received, including summary reports of Claim Forms received.

      **5.2**    The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of Paragraphs 1.2 and/or 1.3, above, or is submitted after the Claims Deadline. Each claimant who submits an invalid Claim Form to the Settlement Administrator must be given a notice of the Claim Form's deficiency and an opportunity to cure the deficiency within twenty-one (21) days of the date of the notice. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

      **5.3**    Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and to obtain and review supporting documentation relating to such Claim Form. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's

DocuSign Envelope ID: EE1C22F9-C9CA-4056-A4B9-736DBBFAB53E

Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to The Honorable Morton Denlow of JAMS for binding determination.

5.4     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 6. TERMINATION OF SETTLEMENT.

6.1     Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representatives on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.2     Subject to Paragraphs 9.1-9.3 below, Defendant shall have the right, but not the obligation, in its sole discretion, to terminate this Agreement by providing written notice to Class Counsel within twenty-five (25) days of the number of timely and validly opt-outs and/or objections to the Agreement exceeding fifteen thousand (15,000) Settlement Class Members.

6.3     If Defendant seeks to terminate the Agreement on the basis of 6.2 above, the Parties agree that any dispute as to whether Defendant may invoke section 6.2 to terminate the

DocuSign Envelope ID: EE1C22F9-C9CA-4056-A49B-736DBBFAB53E

Agreement that they cannot resolve on their own after reasonable, good faith efforts, will be submitted to the Honorable Morton Denlow of JAMS for binding determination.

6.4     The Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive award set forth in Paragraph 8 below shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. The procedures for any application for approval of attorneys' fees, expenses, or Incentive Awards are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.

## 7.  PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.

7.1     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A, B, and C,  hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class.

7.2     Defendant's agreement as to certification of the Settlement Class is solely for purposes of effectuating the Settlement and no other purpose. Defendant retains all of its

DocuSign Envelope ID: EE1C22F9-C3CA-4056-A4BB-736DBBEAB53E

objections, arguments, and defenses with respect to class certification and any other issue, and reserves all rights to contest class certification and any other issue if the Settlement set out in this Agreement does not result in entry of the Final Approval Order and Final Judgment, if the Court's approval is reversed or vacated on appeal, if this Settlement is terminated as provided herein, or if the Settlement set forth in this Settlement otherwise fails to become effective. The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement is not finally approved, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void ab initio, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Class, or in support of an argument for certifying any class for any purpose related to this Action or any other proceeding.

7.3     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

7.4     After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

(a)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

(b)     approve the Settlement Agreement and the proposed settlement as fair,

DocuSign Envelope ID: EE1C22F9-C3CA-4056-A4BB-736DBBEAB53E

reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

(c)     find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)     find that the Class Representatives and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

(e)     dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

(f)     incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

(g)     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the respective Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or

DocuSign Envelope ID: EE1C22F9-C9CA-4056-A48B-736DBBEAB53E

other action in any jurisdiction based on the Released Claims;

**(h)** without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and incorporate any other provisions, as the Court deems necessary and just.

## 8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

8.1 Pursuant to Fed. R. Civ. P. 23(h), Defendant agrees that Class Counsel shall be entitled to an award of reasonable attorneys' fees and costs out of the Settlement Fund in an amount determined by the Court as the Fee Award. With no consideration given or received, Class Counsel will limit its petition for attorneys' fees, costs, and expenses to no more than one-third of the Settlement Benefit (*i.e.*, $5,333,333.33). Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.

8.2 The Fee Award shall be payable within ten (10) days after entry of the Court's Final Judgment. Payment of the Fee Award shall be made by wire transfer to Peiffer Wolf Carr Kane Conway & Wise, LLP in accordance with wire instructions to be provided to the Settlement Administrator, completion of necessary forms, including but not limited to W-9 forms. Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void as a result of an appeal(s) then Class Counsel shall return such funds to the Settlement Fund.

8.3 Class Counsel intends to file a motion for Court approval of an incentive award

for the Class Representatives, to be paid from the Settlement Fund, in addition to any funds the

Class Representative stands to otherwise receive from the Settlement. With no consideration

having been given or received for this limitation, the Class Representative will seek no more than

$5,000 each as an incentive award. Should the Court award less than this amount, the difference

in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain

in the Settlement Fund for distribution to eligible Settlement Class Members. Such award shall

be paid from the Settlement Fund via means directed by the Class Representatives within thirty

(30) days after the Effective Date.

## 9.   CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

**9.1**     The Effective Date of this Settlement Agreement shall not occur unless and until

each of the following events occurs and shall be the date upon which the last (in time) of the

following events occurs:

**(a)**     The Parties and their counsel have executed this Agreement;

**(b)**     The Court has entered the Preliminary Approval Order;

**(c)**     The Court has entered an order finally approving the Agreement,

following Notice to the Settlement Class and a Final Approval Hearing, as provided in the

Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent

with this Agreement in all material respects; and

**(d)**     The Final Judgment has become Final, as defined above, or, in the event

that the Court enters an order and final judgment in a form other than that provided above

("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment

becomes Final.

**9.2**     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the

DocuSign Envelope ID: EE1C23F9-C3CA-4056-A49B-736DBBEAB53E

event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, and fails to cure such material breach within 30 days of notice, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties.

**9.3**     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

## 10. MISCELLANEOUS PROVISIONS.

**10.1**     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or on a frivolous basis.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

       **(a)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

       **(b)**    is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or

28

DocuSign Envelope ID: EE1C22E2-C9CA-40E6-A4BB-736DBBEAB53E

any of them;

(c)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)     is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(e)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

DocuSign Envelope ID: EE1C22F9-C9CA-40E6-A4BB-736DBBFAB53E

**10.5**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.6**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.7**    All the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.8**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.9**    Except as otherwise provided herein, each Party shall bear its own costs.

**10.10**    Plaintiffs represent and warrant that neither has assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that each is fully entitled to release the same.

**10.11**    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms. Class Counsel in particular warrants that they are authorized to execute this Settlement

Agreement on behalf of Plaintiffs and the Settlement Class (subject to final approval by the Court after notice to all Settlement Class Members), and that all actions necessary for the execution of this Settlement Agreement have been taken.

**10.12**   This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.13**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.14**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.15**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

**10.16**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.17**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

<u>**For Plaintiffs or the Class**</u>:

Brandon M. Wise
Adam J. Florek
PEIFFER WOLF CARR
KANE CONWAY & WISE, LLP
73 West Monroe Street, 5th Floor
Chicago, IL 60603
bwise@peifferwolf.com
aflorek@peifferwolf.com

Michael L. Murphy
BAILEY & GLASSER LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
mmurphy@baileyglasser.com

**For Defendant**:

William F. Farley
Rachel Agius
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Ste. 2700
Chicago, Illinois 60606
william.farley@hklaw.com
rachel.agius@hklaw.com

Mark S. Melodia
HOLLAND & KNIGHT LLP
31 West 52nd Street, FL 12
New York, NY 10019
mark.melodia@hklaw.com

Crunchyroll Legal Department
legal@crunchyroll.com

**IT IS SO AGREED TO BY THE PARTIES**:

**PLAINTIFF SALVADOR BELTRAN, JR.**

Executed:  Salvador Beltran    Dated: 2023-09-14 12:14:26 (UTC-05:00)

Salvador Beltran, Jr

**PLAINTIFF ELI GROSS**

Executed: _____ Dated: 2023-09-14 11:11:16 (UTC-05:00)

Eli Gross

**On Behalf of PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**

Executed: _____ Dated: 2023-09-14 12:21:53 (UTC-05:00)

Brandon M. Wise

**On Behalf of BAILEY & GLASSER LLP**

Executed: _____ Dated: 2023-09-14 14:50:32 (UTC-04:00)

Michael L. Murphy

**On Behalf of CRUNCHYROLL, LLC**

Executed: _____ Dated: 9/14/2023

Rahul Purini

**On Behalf of HOLLAND & KNIGHT LLP**

Executed: _____ Dated: 9/14/2023

William Farley

# EXHIBIT A

*Salvador Beltran, Jr. and Eli Gross, et al. v. Sony Pictures Entertainment, Inc. d/b/a Crunchyroll*
United States District Court for the Norther District of Illinois
Case No.: 1:22-cv-04858

## SETTLEMENT CLAIM FORM

If you are a Settlement Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before **December 12, 2023**, or submitted online on or before **December 12, 2023**.

To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must submit this completed Claim Form online or by mail:

ONLINE:  Submit this Claim Form.

MAIL:  Kroll Settlement Administration LLC

## PART ONE: CLAIMAINT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

Your Name: _____
First        Middle        Last

Your Address: _____
Street          Apt.    City        State   Zip Code

Your Telephone Number: _____

Your Email Address: _____

Email Address Associated with your Crunchyroll Account: _____

**POTENTIAL CASH PAYMENT:** You may be entitled to receive a cash payment, which Class Counsel estimates will be approximately $30, but the exact amount is not yet known and could be more or less.

Popular electronic payment options such as Venmo and PayPal are available, unless you prefer a physical check. Please ensure you have provided a current and complete email address.

## PART TWO: ATTESTATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the law of the United States of America that during the period between September 8, 2020 and preliminary approval of this settlement, I was a registered user of an online website, mobile app, or any video-on-demand service or app owned, controlled, and/or operated by Crunchyroll and viewed videos on an online website, mobile app, or any video-on-demand service or app owned, controlled, and/or operated by Crunchyroll. I also declare that all information on this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit verification and Court review.

Date: _____  Signature: _____

# EXHIBIT B

<u>Email Notice</u>

**TO:**                  <<Class Member Email>>
**FROM:**         Settlement Administrator <<Settlement@chosendomain.com>>
**RE:**                 Legal Notice of Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Beltran, et al. v. Sony Pictures Entertainment Inc., d/b/a Crunchyroll;* 1:22-cv-4858
(United States District Court for the Northern District of Illinois)

**Our Records Indicate You May Be Entitled to a Payment from a Class Action Settlement Because You Subscribed to Crunchyroll**

**Click [<u>HERE</u>] To File A Claim for a Cash Payment**

**Claims Must be Submitted no later than [Claims Deadline].**

***A court authorized this notice.  You are <u>not</u> being sued.  This is <u>not</u> a solicitation from a lawyer.***

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Crunchyroll, LLC ("Defendant"), disclosed its subscribers' personally identifiable information to third parties using tracking pixels and/or web beacons, without its subscribers' consent, in violation of the Video Privacy Protection Act (the "VPPA"). Personally identifiable information includes information which identifies a specific person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it violated any law but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**<u>Am I a Settlement Class Member?</u>** Records indicate you may be a Settlement Class Member. "Settlement Class" means all persons in the United States who, from September 8, 2020, to and through preliminary approval of the settlement and (1) were registered users of an online website, mobile app, or any video-on-demand service or app owned, controlled, and/or operated by Crunchyroll; and (2) who viewed videos on an online website, mobile app, or any video-on-demand service or app owned, controlled, and/or operated by Crunchyroll.

**<u>What Can I Get?</u>** If approved by the Court, Defendant will create a Settlement Fund of **$16,000,000** for the benefit of the Settlement Class. The Settlement Fund will be distributed to Settlement Class Members who file a timely and complete claim on a *pro rata* basis (meaning equal share), after deducting any Court-approved attorneys' fees and expenses, service award for the class representative, and costs of settlement administration (including payment of any associated taxes).

**<u>How Do I Get a Payment?</u>** You must submit a timely and complete Claim Form no later than [claims deadline]. You can file a claim by clicking here. A variety of payment options are available, including different electronic payment platforms, and those options are available for review here.

**What are My Other Options?** You may exclude yourself from the Settlement Class by sending a letter to the Settlement Administrator no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a settlement payment, but you will keep any rights you may have to sue Defendant regarding the issues in the lawsuit. You may object to the proposed settlement, and you and/or your lawyer have the right to appear before the Court. Your written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to exclude yourself from, or object to, the Settlement are available at here. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims against Defendant relating to issues in this case will be released.

**Who Represents Me?** The Court has appointed lawyers Brandon Wise and Adam Florek (Peiffer Wolf Carr Kane Conway & Wise, LLP) and Michael L. Murpy (Bailey Glasser LLP) to represent the Settlement Class. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ a.m./p.m. on [date] in at _____ _____. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsels' request for attorneys' fees and expenses; and to consider the request for a Service Award to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

**How Do I Get More Information?** More information, including the full Notice, Claim Form and Settlement Agreement can be viewed here. You may also contact the Settlement Administrator at 1-800-000-000 or Crunchyroll VPPA Settlement Administrator, PO Box XXX CITY, XX XXXXX, or call Class Counsel at 314-833-4827.

# EXHIBIT C

## United States District Court for the Northern District of Illinois

*Salvador Beltran, Jr. and Eli Gross, et al. v. Sony Pictures Entertainment, Inc. d/b/a Crunchyroll*
*Case No.: 1:22-cv-04858*

**Our Records Indicate You Have Subscribed to *Crunchyroll* and May Be Entitled to a Payment From a Class Action Settlement.**

***A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.***

- A settlement has been reached in a class action lawsuit against Crunchyroll, LLC ("Crunchyroll" or "Defendant"). The class action lawsuit accuses Crunchyroll of disclosing its subscribers' personally identifiable information ("PII") to third parties without consent in violation of the Video Privacy Protection Act (the "VPPA"). The VPPA defines PII to include information which identifies a specific person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

- You are included if you are a person in the United States who, from September 8, 2020 through the time of preliminary approval of this settlement: (1) were a registered user of an online website, mobile app, or any video-on-demand service or app owned, controlled, and/or operated by Crunchyroll; and (2) viewed videos on an online website, mobile app, or any video-on-demand service or app owned, controlled, and/or operated by Crunchyroll.

- Persons included in the Settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund, which Class Counsel anticipates to be approximately $30.00, but the exact amount is not yet known and could be more or less.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY December 12, 2023** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY November 27, 2023** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY November 27, 2023** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING ON December 19, 2023** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

**1.     Why was this Notice issued?**

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights. The Honorable Sara L. Ellis, of the U.S. District Court for the Northern District of Illinois, is overseeing this case. The case is called *Beltran, et al. v. Sony Pictures Entertainment, Inc. d/b/a Crunchyroll;* Case No.: 1:22-cv-04858. The people who have sued are called the Plaintiffs. The Defendant is Crunchyroll, LLC.[1]

**2.     What is a class action?**

In a class action, one or more people called the class representative(s) (in this case, Salvador Beltran, Jr. and Eli Gross) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

**3.     What is this lawsuit about?**

This lawsuit claims that Defendant violated the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* ("VPPA") by disclosing its subscribers' personally identifiable information ("PII") to third parties, including Facebook, Google, Adobe, and others without consent. The VPPA defines PII to include information which identifies a specific person as having requested or obtained specific video materials or services from a video tape service provider. The Defendant denies that it violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

**4.     Why is there a Settlement?**

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

### Who's Included in the Settlement?

**5.     How do I know if I am in the Settlement Class?**

The **Settlement Class** is defined as:

all persons in the United States who: (1) were registered users of an online website, mobile

---

[1] Sony Pictures Entertainment Inc. was incorrectly named as the Defendant in the case. Sony Pictures Entertainment Inc. is a separate corporation from Crunchyroll, LLC and is not a party to the Settlement.

app, or any video-on-demand service or app owned, controlled, and/or operated by Crunchyroll; and (2) who viewed videos on an online website, mobile app, or any video-on-demand service or app owned, controlled, and/or operated by Crunchyroll during the Class Period.

**The Settlement Benefits**

| | |
|---|---|
| **6.** | **What does the Settlement provide?** |

*Monetary Relief*: Defendant has created a Settlement Fund totaling $16,000,000.00. Class Member payments, and the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees, and an award to the Class Representatives will also come out of this fund (*see* Question 13).

A detailed description of the settlement benefits can be found in the <u>Settlement Agreement</u> available on the settlement website at **www.crunchyrollvppasettlement.com**

| | |
|---|---|
| **7.** | **How much will my payment be?** |

If you are member of the Settlement Class you may submit a Claim Form to receive a portion of the Settlement Fund. The amount of this payment will depend on how many of the Class Members file valid claims. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $30.00. You can contact Settlement Administrator at _____ to inquire as to the number of claims filed.

| | |
|---|---|
| **8.** | **When will I get my payment?** |

The hearing to consider the fairness of the settlement is scheduled for **December 19, 2023**. If the Court approves the settlement, eligible Class Members whose claims were approved by the Settlement Administrator will receive their payment 90 days after the Settlement has been finally approved and/or any appeals process is complete. You will have the option of how you wish to receive your settlement funds. More information is available at **www.crunchyrollvppasettlement.com.**

**How to Get Benefits**

| | |
|---|---|
| **9.** | **How do I get a payment?** |

If you are a Class Member and you want to get a payment, you **must** complete and submit a Claim Form by **December 12, 2023**. An online Claim Form can be submitted on the settlement website at **www.crunchyrollvppasettlement.com** or by printing and mailing a paper Claim Form, copies of which are available for download on the settlement website **www.crunchyrollvppasettlement.com.**

We encourage you to submit your claim online. Not only is it easier and more secure, but it is completely free and takes only minutes!

## Remaining in the Settlement

**10.    What am I giving up if I stay in the Class?**

If the Settlement becomes final, you will give up your right to sue Defendant for the claims this Settlement resolves. The Settlement Agreement describes the specific claims you are giving up against the Defendants. You will be "releasing" the Defendant and certain of its affiliates described in Section 1.24 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "Documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

**11.    What happens if I do nothing at all?**

If you do nothing, you won't get any benefits from this Settlement. If you don't exclude yourself, or "opt out," you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this Settlement.

## The Lawyers Representing You

**12.    Do I have a lawyer in the case?**

The Court has appointed Brandon Wise and Adam Florek of Peiffer Wolf Carr Kane Conway & Wise, LLP and Michael Murphy and Patrick Muench of Bailey & Glasser, LLP to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**13.    How will the lawyers be paid?**

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel is entitled to seek no more than one-third of the $16 million Settlement Benefit, but the Court may award less than this amount.

As approved by the Court, the Class Representatives will be paid an Incentive Award from the Settlement Fund for helping to bring and settle the case. The Class Representatives will seek no more than $5,000 each as an incentive award, but the Court may award less than this amount.

**Excluding Yourself from the Settlement**

| 14. | How do I get out of the Settlement? |
|-----|-------------------------------------|

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that <u>you want to be excluded</u> from the *Beltran, et al. v. Sony Pictures Entertainment Inc. d/b/a Crunchyroll*, Case No. 1:22-cv-04858 settlement. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **November 27, 2023,** to:

Kroll Settlement Administration LLC
[CONTACT INFORMATION]

| 15. | If I don't exclude myself, can I sue the Defendant for the same thing later? |
|-----|------------------------------------------------------------------------------|

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

| 16. | If I exclude myself, can I get anything from this Settlement? |
|-----|--------------------------------------------------------------|

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

**Objecting to the Settlement**

| 17. | How do I object to the Settlement? |
|-----|------------------------------------|

If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Beltran, et al. v. Sony Pictures Entertainment, Inc. d/b/a Crunchyroll*, Case No. 1:22-cv-04858 and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, an explanation of the basis upon which you claim to be a Settlement Class Member, the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees

by December 7, 2023.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. File the objection with the Court and mail a copy to Class Counsel and Defendant's Counsel at the addresses below postmarked no later than **November 27, 2023.**

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Hon. Sara L. Ellis Courtroom 1403<br><br>Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street Chicago, IL 60604 | Brandon M. Wise Adam J. Florek Peiffer Wolf Carr Kane Conway & Wise, LLP 73 W. Monroe 5th Floor Chicago, IL 60604<br><br>Michael L. Murphy Patrick Muench Bailey & Glasser LLP 1055 Thomas Jefferson Street NW Suite 540 Washington, DC 20007 | William F. Farley Rachel Agius Holland & Knight LLP 150 North Riverside Plaza Suite 2700 Chicago, IL 60606<br><br>Mark S. Melodia Holland & Knight LLP 31 West 52nd Street Floor 2 New York, NY 10019 |

**18.   What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### The Court's Final Approval Hearing

**19.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing on December 19, 2023, in Courtroom 1403 at Everett McKinely Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check **www.crunchyrollvppasettlement.com** or call **XXX-XXX-XXXX**. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

**20.    Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. You are welcome, however, to attend the hearing at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**21.    May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Beltran, et al. v. Sony Pictures Entertainment, Inc. d/b/a Crunchyroll*, Case No. 1:22-cv-04858." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **November 27, 2023**, and be sent to the addresses listed in Question 17.

### Getting More Information

**22.    Where do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at **www.crunchyrollvppasettlement.com**. You may also write with questions to Crunchyroll Privacy Settlement, _____ ___. You can call the Settlement Administrator at XXX-XXX-XXXX or Class Counsel at 1-314-888-4827, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.