UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SALVADOR BELTRAN, JR., and ELI GROSS, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>SONY PICTURES ENTERTAINMENT INC., d/b/a CRUNCHYROLL<br><br>Defendant. | Case No: 1:22-cv-04858<br><br>Judge: Sara L. Ellis<br><br>JURY TRIAL REQUESTED |

# FINAL JUDGMENT AND
# ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a class action is pending before the Court entitled *Beltran, et al. v. Sony Pictures Entertainment, Inc. d/b/a Crunchyroll*, No. 1:22-cv-04858; and

WHEREAS, Plaintiffs Salvador Beltran, Jr. and Eli Gross, individually and on behalf of all other similarly situated and Crunchyroll, LLC[1] (defined for the purposes of this Order as "Defendant") have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice upon the terms and conditions set forth therein (the "Settlement Agreement") (ECF No. 46-1); and

WHEREAS, on September 20, 2023, the Court granted Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a Class pursuant to Fed. R. Civ. P. 23(b)(3) of "all persons in the United States who: (1) were registered users of an online website,

---

[1] Sony Pictures Entertainment Inc. was incorrectly named as the Defendant in the above-captioned matter. Sony Pictures Entertainment Inc. is a separate corporation from Crunchyroll, LLC and is not a party to the Settlement Agreement.

1

mobile app, or any video-on-demand service or app owned, controlled, and/or operated by Crunchyroll; and (2) who viewed videos on an online website, mobile app, or any video-on-demand service or app owned, controlled, and/or operated by Crunchyroll during the Class Period." (ECF No. 48); and

WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement (ECF No. 46-1), as well as Plaintiffs' Motion for Final Approval of the Settlement Agreement (ECF No. 51), Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, And Incentive Award (ECF No. 50), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on December 19, 2023, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3. The notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. 46-1) and order granting Preliminary Approval (ECF No. 48) – including (i) direct notice to the Settlement Class via email, based on the comprehensive subscriber list provided by Defendant, and (ii) the creation of the Settlement Website – fully complied with the requirements of FED. R. CIV. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

4. Sixteen (16) individuals – listed by Claimant ID in Exhibit H to the Declaration of Scott Fenwick of Kroll Settlement Administration LLC – have submitted timely requests for

exclusion and are therefore excluded from the Settlement Class.

5. The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice, and finds that it complied with all applicable requirements of CAFA.

6. This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arms'-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

7. The Court has specifically considered the factors relevant to class action settlement approval. *See* FED. R. CIV. P. 23(e).

8. The Court finds that the Class Representatives and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

9. Accordingly, the Settlement is hereby finally approved in all respects.

10. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

11. This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

12. Upon the Effective Date of this Final Judgment, Plaintiffs and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), including such individuals' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations ("Releasing Parties") shall be deemed to have released Defendant, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations ("Released Parties") from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in law or in equity, accrued or un- accrued, direct,

individual or representative, of every nature and description whatsoever, whether based on the VPPA or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' personally identifiable information and video viewing behavior to any third party, including all claims that were brought or could have been brought in the Action relating to the disclosure of such information belonging to any and all Releasing Parties.

13. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

14. The Court has also considered Plaintiffs' Motion for and Memorandum of Law in Support of Attorneys' Fees, Expenses, And Service Awards, as well as supporting declarations (ECF Nos. 50 and 50-1), and adjudges that the payment of attorneys' fees, in the amount of $5,333,333.33 is reasonable. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

15. Further, based on the submissions of Counsel, the Court adjudges that the payment of service awards in the amount of $5,000 to each Mr. Beltran and Mr. Gross to compensate them for their efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. *See* ECF Nos. 50 and 50-1. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16. All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within one hundred and eighty (180) days of issuance shall revert to the Settlement Fund, to be distributed *pro rata* to claiming Settlement Class Members, if practicable. If such a secondary distribution would result in Settlement Class Members receiving less than $5.00, or if a secondary distribution would be otherwise infeasible, any uncashed funds will revert to Chicago Volunteer Legal Services (CVLS), which the Court approves as an appropriate *cy pres* recipient. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

17. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

18. Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

19. This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

IT IS SO ORDERED, this 17th day of January, 2024.

_____
The Honorable Sara L. Ellis
United States District Judge